UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

IN RE SEPTEMBER 11 LITIGATION

     :
     :
     :
     :
     :

21 MC 101 (AKH
08 CV 3722 (AKH)

**JURY TRIAL DEMANDED**

------------------------------------------------------------x

### ANSWER OF DEFENDANTS US AIRWAYS, INC.
### AND US AIRWAYS GROUP, INC. TO THE
### WTCP ENTITIES' COMPLAINT AGAINST CERTAIN DEFENDANTS
### IN THE WTCP ENTITIES' FLIGHT 11 COMPLAINT

Defendants, US Airways, Inc. and US Airways Group, Inc. (hereinafter collectively referred to as "US Airways") respond to the cross-claims by Defendants/Cross-Claim Plaintiffs World Trade Center Properties LLC, 1 World Trade Center LLC, 3 World Trade Center LLC (formerly named "5 World Trade Center LLC"), and 7 World Trade Company, L.C. (hereinafter collectively referred to as "The WTCP Plaintiffs"), as follows:

### INTRODUCTION

1.     The statements contained in Paragraph 1 of the Complaint are not allegations of fact and, therefore, no response is required to be interposed. To the extent that the statements are deemed to plead facts relating to US Airways, they are denied. US Airways leaves all questions of law to the Court to decide. US Airways also objects to the WTCP Plaintiffs' Complaint to the extent it does not solely recast their cross-claims as direct claims as mandated by the Joint Proposed Order Transferring Cases to 21 MC 101 (AKH) Docket and Closing 21 MC 97 (AKH) dated March 18, 2008.

2.      US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 2 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.  To the extent that the statements are deemed to plead facts relating to US Airways or any wrongdoing on the part of US Airways, they are denied.  Finally, US Airways denies that the plaintiffs have a legal basis for seeking the recovery of such damages from US Airways or any of the Aviations Defendants.

3.      The allegations of Paragraph 3 of the Complaint are denied as to US Airways.

4.      The allegations of Paragraph 4 of the Complaint are denied as to US Airways.

5.      The statements contained in Paragraph 5 of the Complaint are not allegations of fact and, therefore, no response is required to be interposed.  To the extent that the statements are deemed to plead facts relating to US Airways, they are denied.  US Airways leaves all questions of law to the Court to decide.

### JURISDICTION

6.      The statements contained in Paragraph 6 of the Complaint are not allegations of fact and, therefore, no response is required to be interposed.  To the extent that the statements are deemed to plead facts relating to US Airways, they are denied.  US Airways leaves all questions of law to the Court to decide.

7.      The statements contained in Paragraph 7 of the Complaint are not allegations of fact and, therefore, no response is required to be interposed.  To the extent

that the statements are deemed to plead facts relating to US Airways, they are denied.  US

Airways leaves all questions of law to the Court to decide.

## PARTIES
### The WTCP Plaintiffs

8.    US Airways lacks sufficient knowledge as to the allegations set forth in

Paragraph 8 of the Complaint on which to form a basis to admit or deny those allegations

and, therefore, no response is interposed thereto.

9.    US Airways lacks sufficient knowledge as to the allegations set forth in

Paragraph 9 of the Complaint on which to form a basis to admit or deny those allegations

and, therefore, no response is interposed thereto.

10.    US Airways lacks sufficient knowledge as to the allegations set forth in

Paragraph 10 of the Complaint on which to form a basis to admit or deny those

allegations and, therefore, no response is interposed thereto.

11.    US Airways lacks sufficient knowledge as to the allegations set forth in

Paragraph 11 of the Complaint on which to form a basis to admit or deny those

allegations and, therefore, no response is interposed thereto.

## DEFENDANTS
### The Airline Defendants

12.    US Airways lacks sufficient knowledge as to the allegations set forth in

Paragraph 12 of the Complaint on which to form a basis to admit or deny those

allegations and, therefore, no response is interposed thereto.

13.    US Airways lacks sufficient knowledge as to the allegations set forth in

Paragraph 13 of the Complaint on which to form a basis to admit or deny those

allegations and, therefore, no response is interposed thereto.

14.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 14 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

15.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 15 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

16.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 16 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.  To the extent that the statements are deemed to plead facts relating to US Airways, they are denied.

17.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 17 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

18.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 18 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

19.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 19 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

20.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 20 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

21.     US Airways admits that it is a corporation duly organized and existing under the laws of Delaware and that on September 11, 2001, it had a principal place of business in Arlington, Virginia.  US Airways denies the remaining allegations in Paragraph 21.

22.     US Airways admits that US Airways Group, Inc. is a corporation duly organized and existing under the laws of Delaware.  US Airways denies the remaining allegations of Paragraph 22.

23.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 23 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

24.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 24 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

25.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 25 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

26.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 26 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

27.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 27 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

28.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 28 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

29.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 29 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

30.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 30 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

31.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 31 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

## CLAIM ONE FOR NEGLIGENCE AGAINST
## ALL DEFENDANTS EXCEPT BOEING

32.     US Airways repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

33.     US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 33 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed.

34.     US Airways admits that it was authorized by the United States Department of Transportation and the Federal Aviation Administration to transport passengers for hire and that it had a duty to conduct its operations in accordance with federal aviation

laws and regulations, and that it complied with federal requirements in the conduct of its business. The remaining allegations of Paragraph 34 are denied.

35.    The allegations of Paragraph 35 of the Complaint do not apply to US Airways but to the extent that they are deemed to apply, they are denied.

36.    US Airways admits that it is a common carrier engaged in the business of transporting passengers by air and on September 11, 2001 and that it and other airlines (including Colgan) with which it contracted to fly on its behalf earlier operated regularly scheduled flights from Logan Airport and Portland Jetport. US Airways admits that on September 11, 2001, Colgan was scheduled to operate Flight 5930 as a regularly scheduled passenger flight from Portland Jetport to Logan Airport with the knowledge and consent of US Airways and that such flight did in fact operate. US Airways states that the statements contained in Sentence 3 of Paragraph 36 are not allegations of fact and, therefore, no response is required to be interposed. To the extent that the statements are deemed to plead facts relating to US Airways, they are denied. US Airways leaves all questions of law to the Court to decide.

37.    The allegations of Paragraph 37 of the Complaint are denied as to US Airways.

38.    US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 38 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto. To the extent that the statements are deemed to plead facts relating to US Airways, they are denied.

39.    US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 39 of the Complaint on which to form a basis to admit or deny those

allegations and, therefore, no response is interposed thereto. To the extent that the statements are deemed to plead facts relating to US Airways, they are denied.

40.    US Airways lacks sufficient knowledge as to the allegations set forth in Paragraph 40 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto. To the extent that the statements are deemed to plead facts relating to US Airways, they are denied.

41.    The allegations of Paragraph 41 of the Complaint are denied as to US Airways.

42.    The allegations of Paragraph 42 of the Complaint are denied as to US Airways.

43.    The allegations of Paragraph 43 of the Complaint are denied as to US Airways.

## CLAIM TWO FOR NEGLIGENT SELECTION
## AGAINST ALL DEFENDANTS EXCEPT BOEING
## AND THE SECURITY COMPANY DEFENDANTS

44.    US Airways repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

45.    The allegations of Paragraph 45 of the Complaint are denied as to US Airways.

46.    The allegations of Paragraph 46 of the Complaint are denied as to US Airways.

47.    The allegations of Paragraph 47 of the Complaint do not apply to US Airways, but to the extent that they are deemed to apply, they are denied.

48.    The allegations of Paragraph 48 of the Complaint are denied as to US Airways.

49.    The allegations of Paragraph 49 of the Complaint are denied as to US Airways.

### CLAIM THREE BASED ON RES IPSA LOQUITOR AGAINST ALL DEFENDANTS EXCEPT BOEING

50.    US Airways repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

51.    The allegations of Paragraph 51 of the Complaint are denied as to US Airways.

52.    The allegations of Paragraph 52 of the Complaint are denied as to US Airways.

53.    The allegations of Paragraph 53 of the Complaint are denied as to US Airways.

### CLAIM FOUR BASED ON STRICT LIABILITY AGAINST BOEING, AMERICAN AND AMR

54.    US Airways repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

55.    The allegations of Paragraph 55 of the Complaint do not apply to US Airways, but to the extent that they are deemed to apply, they are denied.

56.    The allegations of Paragraph 56 of the Complaint do not apply to US Airways, but to the extent that they are deemed to apply, they are denied.

57.    The allegations of Paragraph 57 of the Complaint do not apply to US Airways, but to the extent that they are deemed to apply, they are denied.

58.    The allegations of Paragraph 58 of the Complaint do not apply to US Airways, but to the extent that they are deemed to apply, they are denied.

59.    The allegations of Paragraph 59 of the Complaint do not apply to US Airways, but to the extent that they are deemed to apply, they are denied.

## CLAIM FIVE FOR NEGLIGENT DESIGN AND/OR MANUFACTURE AGAINST BOEING, AMERICAN AND AMR

60.    US Airways repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

61.    The allegations of Paragraph 61 of the Complaint do not apply to US Airways, but to the extent that they are deemed to apply, they are denied.

62.    The allegations of Paragraph 62 of the Complaint do not apply to US Airways, but to the extent that they are deemed to apply, they are denied.

63.    The allegations of Paragraph 63 of the Complaint do not apply to US Airways, but to the extent that they are deemed to apply, they are denied.

64.    The allegations of Paragraph 64 of the Complaint do not apply to US Airways, but to the extent that they are deemed to apply, they are denied.

65.    The allegations of Paragraph 65 of the Complaint do not apply to US Airways, but to the extent that they are deemed to apply, they are denied.

## CLAIM SIX FOR CONTRIBUTION AGAINST ALL DEFENDANTS

66.    US Airways repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

67.    The allegations of Paragraph 67 of the Complaint are denied as to US Airways.

## CLAIM SEVEN FOR INDEMNIFICATION
## AGAINST ALL DEFENDANTS

68.    US Airways repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

69.    The allegations of Paragraph 69 of the Complaint are denied as to US Airways.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Public Law 107-42, "The Air Transportation Safety and System Stabilization Act, as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001, and limits the amount of total damages and/or settlement funds recoverable from US Airways to the amount of their available insurance coverage.  To the extent WTCP Plaintiffs' assert causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

The WTCP Plaintiffs' alleged damages were caused by the unforeseeable, intervening, and/or superseding criminal and/or negligent acts of third parties who were not under the care, custody, control or supervision of US Airways; therefore, US Airways cannot be held liable for the WTCP Plaintiffs alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301, et seq., now recodified and incorporated into 49 U.S.C. §40101, et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that air carriers must follow for aviation safety and security and these federal standards preempt State law standards governing flight operations, passenger screening, maintenance, inspection, flight crew training procedures and in-flight security which the WTCP Plaintiffs and plaintiffs allege that US Airways violated. US Airways' compliance with these federal standards precludes a finding of liability against it.

## FIFTH AFFIRMATIVE DEFENSE

Any of the WTCP Plaintiffs' claims that relate to rates, routes, and services provided by US Airways are expressly preempted by 49 U.S.C. §41713.

## SIXTH AFFIRMATIVE DEFENSE

The alleged damages complained of were caused by the negligence or intentional conduct or parties other than US Airways and for whom US Airways is not responsible; therefore, US Airways is not liable to the WTCP Plaintiffs or, in the alternative, US Airways' liability to the WTCP Plaintiffs, if any, should be reduced in accordance with applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

The WTCP Plaintiffs lack capacity and/or standing to maintain this action.

## EIGHTH AFFIRMATIVE DEFENSE

The alleged damages complained of were not proximately caused by any

negligence or culpable conduct on the part of US Airways, its agents, or employees.

## NINTH AFFIRMATIVE DEFENSE

US Airways is not liable to the WTCP Plaintiffs because US Airways complied

with all applicable government regulations in effect at the time of the events described in

the Complaint and plaintiffs' Complaint.

## TENTH AFFIRMATIVE DEFENSE

The WTCP Plaintiffs' claims based on common law or statutory law of the

individual States requiring air carriers to implement procedures that are different from or

inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public

Law 5-727, 72 Stat. 731, formerly codified as 49 U.S.C. §1301, et seq., and now

recodified and incorporated as 49 U.S.C. §40101, et seq.), and the federal regulations

promulgated pursuant thereto are barred by Public Law 107-42, "The Air Transportation

Safety and System Stabilization Act, as amended by Public Law 107-71, "The Aviation

and Transportation Security Act."

## ELEVENTH AFFIRMATIVE DEFENSE

The WTCP Plaintiffs' claims based on common law or statutory law of the

individual states requiring air carriers to implement procedures that are different from or

inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public

Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301, et seq., and now

recodified and incorporated as 49 U.S.C. §40101, et seq.), and the federal regulations

promulgated pursuant thereto are barred since compliance with those state laws would constitute an unconstitutional burden on interstate air commerce.

## TWELFTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," recovery by the WTCP Plaintiffs or plaintiffs, if any, should be reduced by any collateral source payment that has been or will be paid to the WTCP Plaintiffs or plaintiffs in accordance with Section 454(c) of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court of New York law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," US Airways' liability, if any, must be limited in accordance with the provisions of Article 16 of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if The WTCP Plaintiffs or plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for the WTCP Plaintiffs or plaintiffs' damages, the amount recoverable against US Airways must be

reduced in accordance with Section 15-108 of New York's General Obligations Law or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Pursuant to Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if personal injury or wrongful death plaintiffs have filed a claim with the "September 11[th] Victims Compensation Fund of 2001," personal injury or wrongful death plaintiffs are barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001; and the WTCP Plaintiffs are barred from recovering any or all of the damages that the WTCP Plaintiffs paid to personal injury or wrongful death plaintiffs who were barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001.

### SIXTEENTH AFFIRMATIVE DEFENSE

Since US Airways was not in actual possession or control of the aircraft at the time of the crash, US Airways' liability is limited by the provisions of 40 U.S.C.A. §44112 (2002).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," limits the amounts of damages recoverable from US Airways to its liability insurance coverage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint and all causes of action therein should be dismissed on the ground that the WTCP Plaintiffs have failed to join all necessary and indispensable parties.

## NINTEENTH AFFIRMATIVE DEFENSE

The WTCP Plaintiffs and plaintiffs' alleged damages were remote and not a reasonably foreseeable consequence of any alleged conduct by US Airways; therefore, US Airways owed no duty to plaintiffs as a matter of law and cannot be held liable for plaintiffs' alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

US Airways is not liable to the WTCP Plaintiffs or plaintiffs because no evidence exists to prove that any hijacker carried weapons or other restricted items aboard Colgan Flight 5930, or that there were any disturbances aboard that aircraft.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

US Airways is not liable to the WTCP Plaintiffs or plaintiffs because any passenger leaving Flight 5930, before boarding American Flight 11, necessarily had to pass out of a secured area, rejoin the general population in non-secure areas, and then pass through a security checkpoint at Terminal B, Pier A at Logan Airport.  US Airways did not operate out of, or exercise custody or control over, Terminal B, Pier A of Logan Airport or any security checkpoint servicing American Airlines' flights, including American Flight 11.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

US Airways had no statutory, contractual or customary duty to provide security screening at the security checkpoints exclusively servicing its competitors or for the screening of its competitors' passengers.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

US Airways was not responsible for and had no control over security before or aboard American Flight 11.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

US Airways owed no legal duty to the plaintiffs or the WTCP Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

US Airways reserves the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or part due to insufficiency of service of process.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

US Airways had neither exclusive control nor management over any aircraft, airport or security system and, therefore, the WTCP Plaintiffs or plaintiffs' claims based upon legal theory of res ipsa loquitur fail to state a cause of action which relief may be granted.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

US Airways hereby incorporates all or some of the Affirmative Defenses raised by each other Aviation Defendant as though more fully set forth herein.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

US Airways is not guilty of negligence per se.

## THIRTIETH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent that WTCP Plaintiffs or plaintiffs seek to recover for business interruption losses unaccompanied by property damage, all claims based on such losses should be dismissed.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The WTCP Plaintiffs' alleged damages were caused by an act or war.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The WTCP Plaintiffs' claims are barred by the state secrets doctrine.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The WTCP Plaintiffs' Complaint must be dismissed to the extent that relevant evidence required by US Airways to mount its defense is prohibited from disclosure by 14 C.F.R. §1520, et seq., as Sensitive Security Information.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

US Airways' liability is limited in accordance with all applicable sections of the Bankruptcy Code and stipulations executed by the plaintiffs through their counsel in connection with In Re:  US Airways Group, Inc., et al. United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, Case No. 04-13819.  The provisions of any stipulations, orders and/or judgments entered by the Bankruptcy Court are binding on the parties to this litigation.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

No action may be maintained against US Airways because of the Automatic Stay provisions of the Bankruptcy Code and the Plan Injunction in effect with respect to US Airways, except to the extent that each plaintiff asserting a claim has complied with the procedure established by the Bankruptcy Court to lift the stay and to modify the Plan Injunction by their counsel having signed the requisite stipulation.  In that case, recovery shall be limited to available insurance proceeds and there is no recovery for punitive damages.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

US Airways and US Airways Group hereby allege and incorporate each and every affirmative defense set forth in US Airways and US Airways Group's Master Answer to Plaintiffs' Sixth Amended Flight 11 Master Liability Complaint with the same force and effect as if set forth in full herein.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The WTCP Flight 11 Complaint fails to state actionable cross-claims for independent economic damages, other than claims for contribution and indemnification for the wrongful death and personal injury claims that are asserted in the Plaintiffs' Sixth Amended Flight 11 Master Liability Complaint.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The WTCP Flight 11 Complaint should be dismissed to the extent that they are based on a right of subrogation, which does not exist under the applicable law.

## FORTIETH AFFIRMATIVE DEFENSE

The WTCP Plaintiffs have failed to mitigate their damages.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The WTCP Plaintiffs are barred from recovery in respect of alleged damage to property or improvements incurred as a result of debris, fire, soot, smoke, or water, to the extent the allegedly damaged property or improvements were not adjacent to property or improvements struck by aircraft on September 11, 2001.

## FORTY-SECOND AFFIRMATIVE DEFENSE

To the extent WTCP Plaintiffs alleged damages were caused or contributed to by the acts or omissions of public authorities or others acting under color of state law, US Airways cannot be held liable for WTCP Plaintiffs' alleged damages.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The aviation security measures that are the subject of this action were federally mandated and a part of a federal response to terrorist attacks on our nation.  US Airways' implementation of the federally mandated aviation security measures assisted the federal government in a police and/or national defense function.  As such, US Airways is immune from suit and is not liable for the claims in the WTCP Plaintiffs' Complaint.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The WTCP Plaintiffs are property owners and/or business owners who had no relationship with US Airways, were in a far superior position than was US Airways to guard against loss to the WTCP Plaintiffs' particular property and businesses through use of insurance, and to whom, as a matter of sound public policy, US Airways owed no duty under the applicable law.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The WTCP Plaintiffs are barred from recovery of damages based upon measures of damages inapplicable in and inappropriate to this action, willfully and/or carelessly exaggerated, and/or duplicative.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

The WTCP Plaintiffs are barred from recovery of alleged damages in excess of the lesser of: (a) the cost of restoring the alleged damaged or destroyed property to its original condition; or (b) the diminution in market value caused by US Airways' alleged negligence.

WHEREFORE, US Airways demands judgment dismissing the Complaint and the WTCP Plaintiffs' Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements and such other and further relief which this Court deems just and proper under the circumstances.

## CERTIFICATION

I certify that, the matter in controversy is not the subject of any other matter

pending in any court or arbitration proceeding, and that no such action or arbitration

proceeding is contemplated.

                    US AIRWAYS, INC. AND US AIRWAYS
                    GROUP, INC.

                    By their Attorneys,

                    CAMPBELL CAMPBELL EDWARDS &
                    CONROY, P.C.

                    /s/ Richard P. Campbell
                    Richard P. Campbell (RC 9599)
                    Kurt B. Gerstner (KG 7862)
                    Kathleen M. Guilfoyle (KG 6984)
                    One Constitution Plaza, 3rd Floor
                    Boston, MA 02129
                    (617) 241-3000

Dated: May 13, 2008

TO:   GROUND DEFENDANTS' LIAISON COUNSEL AND COUNSEL FOR
      CROSS-CLAIM PLAINTIFFS
      PI/WD PLAINTIFFS' LIAISON COUNSEL
      PD/BL PLAINTIFFS' LIAISON COUNSEL
      7 WTC GROUND DEFENDANTS' LIAISON COUNSEL
      U.S. ATTORNEYS' OFFICE
      ALL AVIATION DEFENDANTS