UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE SEPTEMBER 11 PROPERTY DAMAGE   21 MC 101 (AKH)
AND BUSINESS LOSS LITIGATION

This Document Relates to: All Cases

------------------------------------------------------------X
WORLD TRADE CENTER PROPERTIES LLC,
1 WORLD TRADE CENTER LLC, 3 WORLD          **DELTA AIR LINES, INC.'S**
TRADE CENTER LLC, AND 7 WORLD TRADE        **ANSWER TO WTCP PLAINTIFFS'**
COMPANY, L.P.,                             **FLIGHT 11 COMPLAINT**

                          Plaintiffs,

        v.

AMERICAN AIRLINES, INC., AMR
CORPORATION, UNITED AIRLINES, INC.,
UAL CORPORATION, MASSACHUSETTS
PORT AUTHORITY, THE BOEING COMPANY,
DELTA AIR LINES, INC., CONTINENTAL
AIRLINES, INC., COLGAN AIR, INC., US
AIRWAYS, INC., US AIRWAYS GROUP, INC.,
MIDWAY AIRLINES CORPORATION,
HUNTLEIGH USA CORPORATION, ICTS
INTERNATIONAL, N.V., GLOBE AVIATION
SERVICES CORPORATION, BURNS
INTERNATIONAL SECURITY SERVICES
CORPORATION BURN INTERNATIONAL
SERVICES CORPORATION, PINKERTON'S
INC. and SECURITAS AB,

                          Defendants.
------------------------------------------------------------X

       Defendant, Delta Air Lines, Inc. ("Delta"), by its attorneys, Gallagher Gosseen Faller & Crowley, objects to the Complaint of World Trade Center Properties LLC ("WTC Properties LLC"), 1 World Trade Center LLC, 3 World Trade Center LLC (formerly named "5 World Trade Center LLC"), and 7 World Trade Company, L.P. (collectively referred to as the "WTCP

Plaintiffs") to the extent it does not comply with the Order of the Honorable Alvin K. Hellerstein, dated March 18, 2008, which transferred WTCP Plaintiffs' cross-claims from the 21 MC 97 docket to the 21 MC 101 docket and granted WTCP Plaintiffs leave to amend their cross-claims "solely to recast them as direct claims." Subject to and without waiving said objection, Delta sets forth the following as and for its Answer to WTCP Plaintiffs' Complaint:

## INTRODUCTION

First:   Delta denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "1", "2", "3" and "5" of the Complaint and respectfully refers all matters of law to the Court.

Second:   Delta denies each and every allegation set forth in the paragraph numbered "4" and respectfully refers all matters of law to the Court.

## JURISDICTION

Third:   Delta denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "6" and "7" of the Complaint and respectfully refers all matters of law set therein to the Court, except Delta admits that Public Law 107-42, "The Air Transportation Safety and System Stabilization Act" established that "[t]he United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim resulting from or relating to the terrorist related crashes of September 11, 2001."

## PARTIES

### The WTCP Plaintiffs

Fourth: Delta denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "8", "9", "10" and "11" of the Complaint.

### Defendants

Fifth: Delta denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "12", "13", "14", "15", "16" and "17" of the Complaint.

Sixth: Delta admits the allegations set forth in the paragraph numbered "18" of the Complaint.

Seventh: Delta denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "19", "20", "21", "22", "23", "24", "25", "26", "27', "28", "29", "30" and "31" of the Complaint.

### CLAIM ONE FOR NEGLIGENCE AGAINST ALL DEFENDANTS EXCEPT BOEING

Eighth: Delta repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "32" with the same force and effect as if set forth herein at length.

Ninth: Delta denies each and every allegation set forth in the paragraph numbered "33" of the Complaint insofar as such allegations pertain to Delta and respectfully refer all matters of law to the Court.

Tenth: Delta denies each and every allegation set forth in the paragraph numbered "34" of the Complaint insofar as such allegations pertain to Delta except admits that Delta was authorized by the United States Department of Transportation and the Federal Aviation Administration to transport passengers for hire in accordance with federal aviation laws and regulations, that Delta was required to operate its flights in accordance with Federal Aviation laws and regulations and implement security plans and/or procedures required by such regulations, and respectfully refers all matters of law to the Court.

Eleventh: Delta denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "35" and "36" of the Complaint.

Twelfth: Delta denies each and every allegation set forth in the paragraphs numbered "37" and "38" of the Complaint insofar as such allegations pertain to Delta.

Thirteenth: Delta denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "39" and "40" of the Complaint. To the extent that the allegations are deemed to plead facts relating to Delta, they are denied.

Fourteenth:   Delta denies each and every allegation set forth in the paragraphs numbered "41", "42" and "43" of the Complaint insofar as such allegations pertain to Delta and respectfully refers all matters of law to the Court.

### CLAIM TWO FOR NEGLIGENT SELECTION AGAINST ALL DEFENDANTS EXCEPT BOEING AND THE SECURITY COMPANY DEFENDANTS

Fifteenth:   Delta repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "44" with the same force and effect as if set forth herein at length.

Sixteenth:   Delta denies each and every allegation set forth in the paragraphs numbered "45", "46", "47", "48", "49" of the Complaint insofar as such allegations pertain to Delta and respectfully refer all matters of law to the Court.

### CLAIM THREE BASED ON *RES IPSA LOQUITUR* AGAINST ALL DEFENDANTS EXCEPT BOEING

Seventeenth:   Delta repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "50" with the same force and effect as if set forth herein at length.

Eighteenth:   Delta denies each and every allegation set forth in the paragraphs numbered "51", "52" and "53" of the Complaint insofar as such allegations pertain to Delta and respectfully refer all matters of law to the Court.

**CLAIM FOUR BASED ON STRICT LIABILITY
AGAINST BOEING, AMERICAN AND AMR**

Nineteenth:   Delta repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "54" with the same force and effect as if set forth herein at length.

Twentieth:   Delta denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraphs numbered "55", "56", "57", "58" and "59" of the Complaint.

**CLAIM FIVE FOR NEGLIGENT DESIGN AND/OR
MANUFACTURE AGAINST BOEING, AMERICAN AND AMR**

Twenty-first:   Delta repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "60" with the same force and effect as if set forth herein at length.

Twenty-second:   Delta denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "61", "62", "63", "64" and "65" of the Complaint.

**CLAIM SIX FOR CONTRIBUTION AGAINST ALL DEFENDANTS**

Twenty-third:   Delta repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "66" with the same force and effect as if set forth herein at length.

Twenty-fourth:   Delta denies each and every allegation set forth in the paragraph numbered "67" of the Complaint insofar as such allegations pertain to Delta and respectfully refer all matters of law to the Court.

### CLAIM SEVEN FOR INDEMNIFICATION AGAINST ALL DEFENDANTS

Twenty-fifth:   Delta repeats and reiterates each and everyone of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "68" with the same force and effect as if set forth herein at length.

Twenty-sixth:   Delta denies each and every allegation set forth in the paragraph numbered "69" of the Complaint insofar as such allegations pertain to Delta and respectfully refer all matters of law to the Court.

### ALL COUNTS

Twenty-seventh:   Any allegation in the Complaint directed towards Delta not expressly responded to above is denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Twenty-eighth:   The WTCP Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Twenty-ninth:   WTCP Plaintiffs' alleged damages were caused by the unforeseeable, intervening, and/or superseding criminal acts of third parties who were not under the care,

custody, control, or supervision of Delta; therefore, Delta cannot be held liable for WTCP Plaintiffs' alleged damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Thirtieth:  WTCP Plaintiffs' alleged damages were not a reasonably foreseeable consequence of any alleged conduct by Delta; therefore, Delta owed no duty to WTCP Plaintiffs as a matter of law and cannot be held liable for WTCP Plaintiffs' alleged damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Thirty-first:  The alleged damages complained of were caused by the intentional and/or negligent acts of parties other than Delta and for whom Delta is not responsible; therefore, Delta is not liable to the WTCP Plaintiffs or, in the alternative, Delta's liability to the WTCP Plaintiffs, if any, should be reduced in accordance with applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Thirty-second:  The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of Delta, its agents, or employees.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Thirty-third:  Delta is not liable to the WTCP Plaintiffs because Delta complied with all applicable government regulations in effect at the time of the events described in the Complaint.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

Thirty-fourth:   The WTCP Plaintiffs' claims based on common law or statutory law of the individual States requiring Delta to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto are barred by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation And Transportation Security Act."

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Thirty-fifth:   Pursuant to Public Law 107-42 "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation And Transportation Security Act," recovery by WTCP Plaintiffs, if any, should be reduced by any collateral source, including insurance, payment that has been or will be paid to the WTCP Plaintiffs, in accordance with New York's Civil Practices Law and Rules §4545(c) and applicable state law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Thirty-sixth:   Pursuant to Public Law 107-42 "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," Delta's liability, if any, must be limited to its proportionate share in accordance with the provisions of Article 16 of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court from applicable State law.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Thirty-seventh:   Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if WTCP Plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for WTCP Plaintiffs' damages, the amount recoverable against Delta must be reduced in accordance with the applicable State law.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Thirty-eighth:   Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," the amount of total damages and/or settlement funds recoverable from Delta is limited to the amount of its available insurance coverage.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Thirty-ninth:   The WTCP Plaintiffs' Complaint and all causes of action therein should be dismissed on the ground that WTCP Plaintiffs have failed to join all necessary and indispensable parties.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Fortieth:   Delta's liability, if any, concerning damages derived from any agreement with the Security Company defendants or any other party for security services as a result of the events of September 11, 2001 regarding Flight 11 is limited to the contents of such agreement or agreements.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Forty-first:   Delta had no statutory, contractual or customary duty to provide passenger security screening at the security checkpoints for American Airlines, Inc..

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Forty-second:   Delta was not responsible for and had no control over security aboard American Flight 11.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

Forty-third:   Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001.  To the extent the Complaint asserts causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter of law.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Forty-fourth:   The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. now recodified and incorporated into 49 U.S.C. §40101 et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that airline carriers must follow for aviation safety and security and these federal standards preempt State law standards which WTCP Plaintiffs allege that Delta violated. Delta's compliance with these federal standards precludes a finding of liability against it.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Forty-fifth:   Any of the WTCP Plaintiffs' claims that relate to rates, routes, and services provided by Delta is expressly preempted by 49 U.S.C. §41713.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Forty-sixth:   WTCP Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto are barred since compliance with those State laws would constitute an unconstitutional burden on interstate air commerce.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Forty-seventh:   Since Delta was not in actual possession or control of the aircraft at the time of the crash, Delta's liability is limited pursuant to 49 U.S.C.A. §44112 (2002).

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Forty-eighth:   Any claims against Delta based on alleged apparent authority should be dismissed because there was no reliance on such authority and no proximate causation between apparent authority and any damages sustained.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

Forty-ninth:   Delta cannot be held liable to WTCP Plaintiffs because no evidence exists that can prove that any hijacker carried weapons or other restricted items aboard Colgan Flight 5930 and there were no reported incidents or disturbances on the Colgan 5930 flight.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

Fiftieth:   Delta cannot be held liable to WTCP Plaintiffs because any of the hijackers that left Colgan Flight 5930 to then board American Flight 11, had to first leave the secured area and rejoin the public in non-secure areas, then they had to get re-screened through the security checkpoint at Pier A of Terminal B at Logan Airport, or the security checkpoint servicing the American Airlines' or United Flights that departed from Pier A of Terminal B.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Fifty-first:   Delta had neither exclusive control or management over American Airlines Flight 11 or any of the airport security system at Logan International Airport, therefore plaintiffs' claims based upon the theory of *res ipsa loquitor* fails to state a cause of action upon which relief can be granted.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Fifty-second:   WTCP Plaintiffs' alleged damages were caused by an act of war.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Fifty-third:   Delta incorporates by reference some or all of the affirmative defenses raised by any of the aviation defendants in their Answer to this Complaint.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Fifty-fourth:   WTCP Plaintiffs lack capacity and/or standing to maintain this action.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Fifty-fifth:   Delta owed no legal duty to the WTCP Plaintiffs.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Fifty-sixth:   Delta reserves the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Fifty-seventh:   The Complaint is barred by the applicable statute of limitations.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Fifty-eighth:   To the extent that the WTCP Plaintiffs seek to recover for business interruption losses unaccompanied by property damage, all claims based on such losses should be dismissed.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

Fifty-ninth:   The WTCP Plaintiffs' claims are barred by the state secrets doctrine.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

Sixtieth: The WTCP Plaintiffs have failed to mitigate their damages.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

Sixty-first:   The WTCP Plaintiffs are barred from recovery in respect of alleged damage to property or improvements incurred as a result of debris, fire, soot, smoke, or water, to the extent the allegedly damaged property or improvements were not adjacent to property or improvements struck by aircraft on September 11, 2001.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

Sixty-second:   To the extent the WTCP Plaintiffs' alleged damages were caused or contributed to by the acts or omissions of public authorities or others acting under color of state law, Delta cannot be held liable for the WTCP Plaintiffs' alleged damages.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

Sixty-third:   The WTCP Plaintiffs are barred from recovery of alleged damages in excess of the lesser of: (a) the cost of restoring the alleged damaged or destroyed property to its original condition; or (b) the diminution in market value caused by Delta's alleged negligence.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Sixty-fourth: The WTCP Plaintiffs' recovery must be diminished, in whole or in part, as a result of their own negligence and/or other culpable conduct. See N.Y.C.P.L.R. §1411.

WHEREFORE Delta demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements and such other and further relief which this Court deems just and proper under the circumstances.

Dated: Garden City, New York
      June 9, 2008

                                     **GALLAGHER GOSSEEN**
                                     **FALLER & CROWLEY**

By: _____
        MICHAEL J. CROWLEY (MC/2821)
        JAMES A. GALLAGHER, JR. (JG/7597)
        JAMES F. GALLAGHER (JG/3256)
        For the Firm
        Attorneys for Defendant
        **DELTA AIR LINES, INC.**
        1010 Franklin Avenue, Suite 400
        Garden City, NY 11530-2927
        (516) 742-2500

## SERVICE LIST

TO:    Richard A. Williamson, Esq.
Brad Stein, Esq.
**FLEMMING ZULACK WILLIAMSON ZAUDERER LLP**
One Liberty Plaza, 35th Floor
New York, New York 10006
(212) 412-9500
*Ground Defendants' Liaison Counsel*
*Via E-Mail*: rwilliamson@fzwz.com
*Via E-Mail*: bstein@fzwz.com

Marc S. Moller, Esq.
**KREINDLER & KREINDLER, LLP**
100 Park Avenue, 18th Floor
New York, New York 10017
(212) 687-8181
*PI/WD Plaintiffs' Liaison Counsel*
*Via E-Mail*: mmoller@kreindler.com

Robert A. Clifford, Esq.
**CLIFFORD LAW OFFICES**
120 North LaSalle Street, Suite 31
Chicago, Illinois 60602
(312) 899-9090
*PD/BL Plaintiffs' Liaison Counsel*
*Via E-Mail*: rac@cliffordlaw.com

Desmond T. Barry, Jr., Esq.
**CONDON & FORSYTH LLP**
Times Square Tower
7 Times Square, 18th Floor
New York, New York 10036
(212) 894-6770
*Aviation Defendants' Liaison Counsel*
*Via E-Mail*: dbarry@condonlaw.com

Donald A. Migliori, Esq.
**MOTLEY RICE, LLP**
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, South Carolina 29465
(842) 216-9000

*Via E-mail:* dmigliori@motleyrice.com

Beth D. Jacob, Esq.
**SCHIFF HARDIN LLP**
623 Fifth Avenue, 28th Floor
New York, New York 10022
(212) 753-5000
*7 World Trade Center Ground Defendants' Liaison Counsel*
*Via E-Mail*:  bjacob@schiffhardin.com


Sarah S. Normand, Esq.
Beth Goldman, Esq.
Assistant U.S. Attorneys
Southern District of New York
**UNITED STATES DEPARTMENT OF JUSTICE**
86 Chambers Street
New York, New York 10007
(212) 637-2709
*Counsel for Intervenor*
*THE UNITED STATES OF AMERICA*
*Via E-Mail: sarah.normand@usdoj.gov*
*Via E-Mail: beth.goldman@usdoj.gov*


Keith E. Harris, Esq.
The Office of Milton H. Pacther, Esq.
225 Park Avenue South
New York, New York 10003
(212) 435-3437
*Plaintiff's Counsel*
*Via E-Mail:* kharris@panynj.gov

## AFFIDAVIT OF SERVICE
## VIA E-MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

Patricia Doller, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides at Levittown, New York.

On June 9, 2008 deponent served the within **DELTA AIR LINES, INC.'S ANSWER TO WTCP PLAINTIFFS' FLIGHT 11 COMPLAINT** upon:

1. Keith Harris - Plaintiff's Counsel;
2. Richard A. Williamson - Plaintiff's Counsel & Ground Defendant's Liaison Counsel;
3. Brad Stein - Plaintiff's Counsel & Ground Defendant's Liaison Counsel;
4. Desmond T. Barry - Aviation Defendant's Liaison Counsel;
5. Marc S. Moller - Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
6. Robert A. Clifford - Property Damage and Business Loss Plaintiffs' Liaison Counsel;
7. Beth D. Jacobs - WTC 7 Ground Defendants' Liaison Counsel;
8. Donald A. Migliori - Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
9. Sarah Normand - U.S. Attorney's Office;
10. Beth Goldman - U.S. Attorney's Office; and

by emailing copies of the papers via the E-Mail addresses designated by said attorneys/parties for that purpose by transmitting a true copy of same by use of the World Wide Web through a designated Internet Provider Service, in accordance with the Court's March 10, 2005 Order.

_____
PATRICIA DOLLER

Sworn to before me this
10th day of June, 2008

_____
Notary Public

BARBARA G. FERRARA
Notary Public, State of New York
No. 01FE5057085
Qualified in Nassau County
Commission Expires 3/18/2010

19